UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>    Plaintiff,<br><br>  v.<br><br>LUIS GONZALEZ,<br><br>    Defendant. | Case No. 18-cr-00549-VC-1<br><br>**ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA**<br><br>Re: Dkt. No. 279 |

  The motion to withdraw the guilty plea is denied.

  Based on the current record, including the long history of the case and two colloquies with Gonzalez, the Court finds that Gonzalez wishes to withdraw his guilty plea for three related reasons: (1) he assumed when he pled guilty that he would receive a sentence below the ten-year mandatory minimum; (2) he is dissatisfied with the presentence report's recommendation that he receive the ten-year mandatory minimum sentence; and (3) he believes it would be unfair to receive a ten-year sentence where two of his codefendants achieved better results at sentencing.

  The reason the presentence report recommends the ten-year sentence is that Gonzalez has declined to make a proffer to the government regarding his conduct, the final requirement he must satisfy to qualify for the "safety valve" that would allow him to avoid the mandatory minimum. Gonzalez has asserted it would be futile to make a proffer to the government because he and the government have a different view regarding his degree of involvement in, or culpability for, the crime he pled guilty to. As his own lawyer explained at the most recent hearing, Gonzalez's assertion is likely erroneous—it is still possible (although not guaranteed) to qualify for the safety valve if the government and Gonzalez have different views following his

proffer. But in any event, a defendant cannot withdraw a guilty plea because he hoped he would avoid the mandatory minimum when he pled guilty, developed an erroneous view that he had no chance of avoiding that mandatory minimum, and became upset that it would be unfair for him to receive that sentence when two of his co-defendants fared better.[1]

In a declaration filed with his motion, Gonzalez offers a somewhat different basis for withdrawal of his guilty plea. Specifically, his declaration asserts that his prior counsel (the attorney who was representing him during the plea colloquy) told him that he would face a 25-year prison sentence if he lost at trial, and he asserts that this was a "gross mischaracterization" of the sentence he would receive. *United States v. Davis*, 428 F.3d 802, 808 (9th Cir. 2005). But for the reasons stated in the final section of the government's brief, Gonzalez's conduct throughout the case raises serious doubt about his credibility. Moreover, in his two colloquies with the Court, Gonzalez focused almost exclusively on the fact that it was unfair for him to receive a ten-year sentence when two of his codefendants had fared better; he never mentioned his attorney's alleged assertion about a 25-year sentence. Accordingly, the Court cannot find, on this record, that former counsel made the alleged statement.[2]

Moreover, even if former counsel had made the statement, it is not the kind of "gross mischaracterization" covered by *Davis*. As the government notes, if Gonzalez had gone to trial and received certain upward adjustments, he could have faced a guideline range of 210 to 262 months (17.5 to 21.8 years). Even if it was unlikely that a court would impose such a harsh sentence, the alleged 25-year estimate is not a "gross mischaracterization" of that sentence. Indeed, former counsel had an obligation to warn Gonzalez that he could face serious time if he

---

[1] This is particularly true given that Gonzalez does not appear to understand why his two co-defendants fared better at sentencing.

[2] In his most recent colloquy with the Court, Gonzalez also asserted that he wanted to withdraw his plea because the government violated his Fourth Amendment rights by recording his conversations without his consent and his prior counsel should have filed a motion to suppress. The fact that he mentioned this issue but not his attorney's statement about the 25-year sentence casts further doubt on Gonzalez's declaration. Incidentally, Gonzalez's own description of the government's conduct suggests that no Fourth Amendment violation occurred because his conversations were apparently with an informant.

chose to go to trial. A warning of that nature would not be a basis for withdrawing Gonzalez's guilty plea.

Finally, even if former counsel made the statement, it is not even "plausible" that this statement drove Gonzalez's decision to plead guilty. *See id.* Given his statements during his colloquies, it's clear that the true reasons for pleading guilty and his desire to withdraw it are those described in the preceding paragraphs.

A zoom status conference is scheduled for September 28, 2022 to set a date for the sentencing hearing. The Court will provide enough time prior to sentencing for Gonzalez to attempt to complete the final step towards making him safety valve eligible, should he wish to do so.

**IT IS SO ORDERED.**

Dated: September 2, 2022

VINCE CHHABRIA
United States District Judge

3